UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>DEAN GERARD THOMAS and<br>CHRISTY ANN THOMAS,<br><br>Debtors. | Case No. 19 BK 19137<br><br>Chapter 11<br><br>Hon. Jack B. Schmetterer |

### MEMORANDUM OPINION AND ORDER DENYING DEBTORS' MOTION TO ALTER OR AMEND JUDGMENT [DKT. NO. 120]

Dean Gerard Thomas and Christy Ann Thomas ("Debtors") have moved to alter or amend and vacate the May 26, 2020 Order of Court dismissing the Chapter 11 bankruptcy case (the "Dismissal Order") [Dkt. No. 116]. For reasons stated herein, the Motion to Alter or Amend is **DENIED**.

11 U.S.C. § 1112 governs conversion or dismissal for Chapter 11 bankruptcies. The statute provides that, generally, the court, on request of a party in interest, and after notice and a hearing, must convert a Chapter 11 bankruptcy case to a case under Chapter 7 or dismiss the Chapter 11 case if "cause" exists. The statute lists sixteen non-exhaustive grounds that constitute "cause;" for example, objective bad faith can also be a basis constituting "cause." *In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009); *In re Brauer*, 80 B.R. 903, 908 (N.D. Ill. 1987).

In this case, the Dismissal Order was entered following a hearing on JPMorgan Chase Bank, National Association's ("Creditor") Motion to Dismiss [Dkt. No. 102]. At the hearing held on May 26, 2020 (the "Dismissal Hearing"), after counsel for Debtors admitted that Debtors had not paid postpetition real estate taxes, dismissal was granted under 11 U.S.C. § 1112(b)(4)(I), which lists as one of the sixteen grounds constituting "cause" for dismissal the "failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief." 11 U.S.C. § 1112(b)(4)(I). Debtors seek to vacate that dismissal on the basis that Creditor raised the issue of nonpayment of postpetition property taxes for the first time in its reply brief. They argue that Creditor's argument was waived, and, therefore, should not have been considered as a basis to dismiss the bankruptcy.

True, generally, reply briefs "are for replying, not for raising new arguments or arguments that could have been advanced in the opening brief." *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 249 F.R.D. 530, 536 (N.D. Ill. 2008). Accordingly, arguments raised for the first time on reply generally are deemed waived. *See United States ex rel. Berkowitz v.*

1

*Automation Aids, Inc.*, 896 F.3d 834, 843 (7th Cir. 2018). This is so because this tactic often "sandbags" the opponent and prevents the other side from answering with a meaningful response. *Murphy v. Village of Hoffman Estates*, 1999 WL 160305, *2 (N.D.Ill., March 17, 1999).

As a preliminary matter, this argument was not raised at the Dismissal Hearing and is therefore waived. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (arguments that could and should have been presented prior to ruling are not appropriate for a Rule 59(e) motion); *see also United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010) (same).

Furthermore, Debtors were neither sandbagged nor deprived of an opportunity to respond as the Court allowed Debtors to respond to Creditor's arguments at the Dismissal Hearing; accordingly, this opportunity eliminated any problem of a deficiency to respond meaningfully. *See Moorehead v. Deutsche Bank AG, No. 11 C 106, 2011 WL 4496221, at *5* (N.D. Ill. Sept. 26, 2011) (principle of waiver for arguments raised for first time on appeal not applicable where the court allowed the other side to address the issue in a sur-reply).

The Dismissal Hearing was held after Creditor's Motion to Dismiss was fully briefed, and counsel for Debtors was given ample opportunity to respond to Creditor's allegations. At the hearing, after being questioned, counsel for Debtors admitted that postpetition real estate taxes were not paid. [*See* Dkt. No. 119, at 2]. When asked if failure to pay postpetition real estate taxes constituted grounds for dismissal under 11 U.S.C. § 1112(b)(4)(I), counsel for Debtors gave no response. *Id.* at 3. When asked why Debtors had not made any payments on said real estate taxes, counsel first stated that Debtors were not paying them "[b]ecause [Creditor] had always paid them." *Id.* at 7. When asked again why Debtors were not paying the contractually obligated real estate taxes that Creditor was paying to keep the property from going to tax sale, counsel for Debtors claimed Debtors were not able to make payments as Creditor was not accepting mortgage payments. *Id.* at 8. But, when asked if Debtors made any payments into an escrow account instead, counsel for Debtors conceded that none was made. *Id.* On such grounds, after providing Debtors with an adequate opportunity to be heard, where Debtors had no legal or substantive defense to the tax payments not being made, the Court properly granted dismissal under 11 U.S.C. § 1112(b)(4)(I).

Debtors assert also that Creditor's arguments based on the lack of postpetition real estate tax payments are no longer relevant to the bankruptcy proceeding as stay relief was already

2

granted.[1] This argument could perhaps have merit but for two considerations. First, Debtors have appealed the stay relief order. [*See* Dkt. No. 88]. Second, despite stay relief having been granted, in state court, Debtors have repeatedly delayed foreclosure proceedings and challenged foreclosure being entered on the alleged basis that they have a confirmable Chapter 11 plan on hand in bankruptcy. And, concurrently in this Court, they argue, because the property has not yet been foreclosed on and brought out of the bankruptcy estate, they can confirm a Chapter 11 plan that binds the Creditor from moving ahead with its foreclosure (effectively, "overriding" the stay relief). As such, because the property is still relevant to the bankruptcy proceeding, the Court finds Debtors' argument disingenuous.

It is telling that Debtors have never, at any time, sought leave to file a sur-reply to address the postpetition real estate tax argument, or provided any reasoning as to why the lack of postpetition tax payments can be excused. No such defense was provided at the Dismissal Hearing. And no such defense has been provided now with the present Motion to Alter or Amend. Debtors have not addressed the issue that would no doubt be raised again by Creditor in a renewed motion to dismiss should the Dismissal Order be vacated. Rather, the longstanding history of this case demonstrates but one constant course of action taken by Debtors, that they refuse to make any mortgage payments or real estate tax payments on the real property that is in foreclosure proceedings unless if, when, and until Creditor's loan is crammed down.[2] [*See* Dkt. No. 71] (proposed Chapter 11 plan calling for payment of any real estate taxes upon plan confirmation only).

Debtors have sought the protections of bankruptcy and the opportunity of a successful reorganization that can potentially save their property, but they have refused to fulfill the duties and obligations necessary to maintain this Chapter 11 proceeding. Because of such failure, dismissal was granted under 11 U.S.C. § 1112(b)(4)(I). In this circuit, the decision to grant or deny a Rule 59(e) motion is left to the sound discretion of the court. *In re Prince*, 85 F.3d 314, 324 (7th

---

[1] Because no mortgage payments were made on the real property in nearly a decade outside of some payments made in past bankruptcies, the Court granted *in rem* stay relief. [Dkt. No. 61].

[2] Debtors' have sought cramdown of their principal residence on the argument that their specific property is not protected by the anti-modification provision of 11 U.S.C. § 1123(b)(5), an argument that had not been ruled on yet.

3

Cir. 1996). As no reason or justification has been provided demonstrating that the dismissal was in error, Debtors' Motion to Alter or Amend is **DENIED**.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 10th day of November 2020